MARC E. JOHNSON, Judge.
| ^Defendant, Travis Gaubert, appeals his conviction and sentence for possession with intent to distribute marijuana from the 24th Judicial District Court, Division “N”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Because Defendant pleaded guilty to possession with intent to distribute marijuana, the following facts are taken from the evidence submitted during the pre-trial hearings.
The City of Westwego Police Department received complaints that narcotics were being sold at 366 Avenue A in West- *113 wego, Louisiana. As a result of the complaints, Detective Edward Saddler of the Special Investigations Unit performed surveillance of the residence. After • arranging a controlled purchase of illegal drugs at the residence, Det. Saddler applied for a search and seizure warrant on March 11,-2013.
IsAccording to the search and seizure warrant application affidavit, Det. Saddler received information from a confidential informant (“Cl”) that Defendant resided at the 366 Avenue A residence. Det. Saddler then met with a Cl at a predetermined location to engage in a controlled purchase of narcotics. Det. Saddler conducted a pat down of the Cl and searched his vehicle for any money or illegal narcotics in the Cl’s possession. After ensuring the Cl had no money or drugs, Det. Saddler gave the Cl $50.00 of official Westwego Police. Department funds for the purpose of attempting to purchase marijuana from the 366 Avenue A address.
The Cl informed Det. Saddler that he would be using an “unwitting” — a third-person unofficially involved in the controlled buy — to complete the drug transaction. As the Cl went to pick up the unwitting for the transaction, another detective, Detective Boudreaux,[1] followed the Cl, while Det. Saddler continued his surveillance of the residence. During his surveillance, Det. Saddler observed three vehicles arrive at the residence, and the occupants of the vehicles entered the house for two to three minutes then left. Det. Saddler subsequently observed the Cl and the unwitting arrive at the residence. The unwitting entered the house for two minutes then left with the Cl. Det. Boudreaux followed the Cl to a pre-deter-mined location, where Det. Boudreaux recovered a green leafy substance from the Cl. The substance field-tested positive for marijuana.
On the same date the search and seizure warrant application was filed, the criminal commissioner granted a warrant for 366 Avenue A. While executing the warrant, one scale, two grinders, one round tine, 169 grams of marijuana, and $185.00 were retrieved. Defendant was arrested on the scene.
On June 13, 2013, the Jefferson Parish District Attorney’s Office filed a bill of information charging Defendant with one count of possession with intent to ^distribute marijuana, a violation of La. R.S. 40:966.A. At the arraignment, Defendant pleaded not guilty to the charge, and the case was scheduled to proceed to trial.
On November 13, 2013, prior to the start of the trial, Defendant made oral motions to suppress evidence and to suppress any inculpatory statements he made, both of which were denied. Immediately after the denial of his motions, Defendant changed his plea to guilty pursuant to State v. Crosby.[2] On that same date, Defendant was sentenced to five years at hard labor with credit for time served. The trial court then suspended Defendant’s sentence and placed him on active probation for a period of three years. On November 21, 2013, Defendant filed a timely motion for appeal that was granted by the trial court on November 22, 2013. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Defendant alleges the trial court erred in 1) denying his motion to suppress the evidence by finding the search warrant had sufficient probable *114 cause, and 2) denying his motion to suppress his statement.
LAW AND ANALYSIS

Suppression of Evidence

In this assignment, Defendant argues that the court erred in failing to find that the search warrant at issue lacked probable cause, specifically because the unwitting, the individual who actually conducted the controlled buy, was not patted down prior to the time the drugs were purchased. Defendant postulates that the buyer could have had the marijuana in his or her possession prior to entering his residence. Defendant also argues that no facts were presented to gauge the | ¡¡credibility of the confidential informant, which should have rendered the search warrant invalid.
Conversely, the State argues that the trial court, in looking at the totality of circumstances as described in the warrant, properly found that a basis existed for a finding of probable cause to issue the search warrant.
As a general rule, searches and seizures must be conducted pursuant to a validly executed search warrant or arrest warrant. State v. Payne, 10-46, 10-47 (La.App. 5 Cir. 1/25/11); 59 So.3d 1287, 1295, writ denied, 11-0387 (La.9/16/11); 69 So.3d 1141. A search warrant may be issued only upon probable cause established to the. satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. Id. Probable cause for the issuance of a search warrant exists when the facts, and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. Id. The determination of probable cause does not rest on an officer’s subjective beliefs or attitudes but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action. Id. A search warrant must establish a probable continuing nexus between the place sought to be searched and the property sought to be seized. Id.
When ruling on a motion to suppress, the trial court is afforded great discretion, and its ruling will not be disturbed absent an abuse of its discretion. State v. Washington, 11-716 (La.App. 5 Cir. 3/13/12); 90 So.3d 1157, 1160. The task for a reviewing court is to ensure that under the totality of the circumstances the magistrate had a “substantial basis” for concluding that probable cause existed. Payne, 59 So.3d at 1296. Facts contained within the affidavit must establish the existence of probable cause for issuing a warrant. Id. If the magistrate finds that the affidavit is sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. Id. Within these guidelines, courts should strive to uphold warrants to encourage their use by police officers. Id. When evidence is seized pursuant to a valid search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. Id. Marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable. Id. (citing State v. Rodrigue, 437 So.2d 830, 833 (La.1983)).
In State v. Robinson, 03-1350 (La.App. 5 Cir. 3/30/04); 871 So.2d 575, writ denied, 04-1081 (La.11/15/04); 888 So.2d 767, this *115 Court addressed the issue of the use of an unwitting in a controlled buy. Prior to trial, the defendant in that matter filed a motion to suppress evidence, which was denied. On appeal, through an argument similar to the one presently at bar, the defendant alleged that the trial court erred in finding that probable cause existed because the information upon which it was based came from an unknown, unidentified, and untested informant who passed the information to an alleged reliable and credible informant who then gave the information to the police. In denying the defendant’s claim in that case, this Court reasoned:
Contrary to defendant’s claim, the independent reliability of the unwitting informant is not the issue. Rather, the issue is whether, under the totality of the circumstances, there is a sufficient basis upon which the trial court could have found probable cause to issue the search warrant. While the veracity, reliability or basis of knowledge of a Cl is relevant in evaluating probable cause, it is not the determining factor. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Hogan, 02-924 (La.App. 5 Cir. 1/28/03), 839 So.2d 296, 299.
Id. at 579.
After considering the totality of the circumstances, we find that there was a substantial basis in the affidavit upon which the criminal commissioner could have found probable cause to issue the search warrant. Even assuming the affidavit did not establish probable cause to support the issuance of a search warrant, suppression of the evidence seized pursuant to the warrant is not automatically required. See, Robinson at 581. Where a law enforcement officer relies in good faith on a magistrate’s probable cause determination and the technical sufficiency of the warrant, exclusion of the evidence is not proper. Id., citing United States v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984). Defendant did not allege Det. Saddler obtained the warrant in bad faith.
Therefore, we find that the trial court did not err in denying Defendant’s motion to suppress evidence.

Suppression of Statement

In this assignment, Defendant asserts that the police should have read him his Miranda[3] rights contemporaneously with the point in time when the search warrant was being executed at his residence and when he was asked whether he had anything illegal in the house, such as narcotics or weapons. Conversely, the State argues that Defendant had not been taken into custody or otherwise deprived of freedom of action at the time he gave the inculpato-ry statement.
Det. Saddler testified during the suppression hearing that, while he was investigating Defendant for possession with intent to distribute marijuana, Defendant made an inculpatory statement. Det. Saddler explained that Defendant |swas outside while he and other officers were in the process of executing a search and seizure warrant, and Det. Saddler asked Defendant whether there were any illegal narcotics or weapons in the house that he wanted to tell Det. Saddler about. Defendant was not arrested or under restraint at that time. Defendant and the officers proceeded inside Defendant’s residence, and Defendant showed Det. Saddler where the marijuana was located. Following this, Defendant was arrested and later advised of his Miranda rights.
*116 Defendant did not testify or present witnesses at the hearing on the motion to suppress statement. Other than the assertions of defense counsel, the testimony of Detective Saddler was not contradicted.
Spontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without Miranda warnings even where a defendant is in custody. State v. Castillo, 389 So.2d 1307, 1310 (La.1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981); State v. Pardon, 97-248 (La.App. 5 Cir. 10/15/97); 703 So.2d 50, 62, writ denied, 97-2892 (La.3/20/98); 715 So.2d 1207. The warnings required by Miranda apply only when a person is questioned by law enforcement after he has been taken into custody or otherwise deprived of his freedom of action in any significant way. State v. Charles, 09-0433 (La.9/4/09); 16 So.3d 1166, 1168.
In the present case, we find that the record shows Defendant was not subjected to custodial interrogation or its equivalent when Det. Saddler approached Defendant, who was outside the residence, and asked Defendant if there were any illegal narcotics or weapons in the house. There is nothing in the record to indicate that Det. Saddler asserted any type of authority over Defendant before Defendant responded to his questions. The record does not show that Det. Saddler had his weapon drawn, that any police unit’s lights had been activated, that he physieally | pcontacted Defendant, or even ordered defendant to stop. Defendant was not arrested or deprived of his freedom of action in any significant way at the time he made the inculpatory statement;' it was only after he showed police where the marijuana was located inside his residence that he was arrested. Therefore, we find that the trial court did not err in denying Defendant’s motion to suppress statement.
Furthermore, we find that, even if the statement of Defendant was improperly deemed admissible, the inevitable discovery doctrine applies. The inevitable discovery doctrine permits the admission of evidence found as a result of a violation of a defendant’s constitutional rights, if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered. Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); State v. Nelson, 459 So.2d 510 (La.1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 322 (1985); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986).
In this case, police searched Defendant’s residence under the authority of a search warrant, duly issued by a magistrate. Thus, we conclude that, even in the absence of Defendant’s inculpatory statement and assistance in locating the drugs and paraphernalia, these items are admissible as evidence because the police would have found them anyway upon executing the warrant. Nix v. Williams, supra; State v. Page, 95-2401 (La.App. 4 Cir. 8/21/96); 680 So.2d 700, writ denied, 96-2352 (La.2/21/97); 688 So.2d 522. Therefore, we do not find the trial court erred in denying Defendant’s motion to suppress statement.

Error Patent Review

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case which require corrective action.
*117 DECREE
For the foregoing reasons, the conviction and sentence of Defendant, Travis Gaubert, are affirmed.

AFFIRMED

. Detective Boudreaux’s first name could not be ascertained from the record.

. State v. Crosby, 338 So.2d 584 (La.1976).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).