STATE of Louisiana

v.

William SHIELL

NO. 16–KA–447

Court of Appeal of Louisiana,
Fifth Circuit.

December 07, 2016

1214

COUNSEL FOR PLAINTIFF/APPELLEE, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux, Thomas J. Butler, Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT, WILLIAM SHIELL, Donald L. Hyatt, II

Panel composed of Marc E. Johnson, Robert A. Chaisson, and Robert M. Murphy

JOHNSON, J.

Defendant, William Shiell, challenges his conviction and sentence for possession of pornography involving juveniles on the basis the search warrant was issued without probable cause because the affidavit contained multiple inaccuracies and misrepresentations. For the reasons that follow, we affirm his conviction and sentence.

Defendant was charged in a bill of information on July 8, 2015 with pornography involving juveniles in violation of La. R.S. 14:81.1. Specifically, it alleged that between February 29 and May 24, 2012, Defendant violated La. R.S. 14:81.1 by "intentional possession, of any photographs, films, video tapes, or other visual reproductions of any sexual performance involving a child under the age of 13, where the offender is over 17 years of age."

Defendant initially pled not guilty and filed several pre-trial motions, including motions to suppress the evidence and his statement. After a hearing, the trial court denied the motions to suppress. On April 4, 2016, Defendant withdrew his not guilty plea and pled guilty as charged under *State v. Crosby*, 338 So.2d 584 (La. 1976), reserving his right to appeal the trial court's denial of his motion to suppress. The trial court sentenced Defendant to five years imprisonment at hard labor without benefit of parole, probation or suspension of sentence and ordered him to pay various fines and fees.

We first note that Defendant's motion for appeal sought only to appeal the trial court's sentencing. The motion indicates that Defendant entered a *Crosby* plea, but erroneously states that in doing so Defendant reserved his right to appeal the trial court's sentencing.

Normally, a plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea. However, under *Crosby*, *supra*, a defendant may be allowed appellate review, if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. *State v. Clement*, 11–1150 (La. App. 5 Cir. 9/11/12); 101 So.3d 460, 464, *writ denied*, 12–2214 (La. 4/1/13); 110 So.3d 139. If a defendant fails to specify which adverse pre-trial rulings he is reserving for appellate review as part of his guilty plea, an appellate court should presume that the *Crosby* reservation preserves review of those evidentiary rulings which "go to the heart of the prosecution's case," such as the denial of a motion to suppress, and not rulings that may affect

the conduct of the trial but do not substantially relate to guilt. *State v. Joseph*, 03–315 (La. 5/16/03); 847 So.2d 1196, 1196–97.

In *State v. Singleton*, 614 So.2d 1242 (La. 1993) *(per curiam)*, the Louisiana Supreme Court held that a defendant who objected to the excessiveness of his sentence at the time of his guilty plea and specifically reserved appellate review of his sentence as part of his plea under *Crosby*, was entitled to a review of the merits of his sentencing claims. The supreme court explained that denial of appellate review of the defendant's sentence would jeopardize the voluntariness of his plea.

■ In the present case, it is clear from the plea colloquy transcript that Defendant specifically reserved his right to appeal the denial of his motion to suppress at the time he entered his guilty plea and expressly acquiesced in his sentence.[1] Additionally, Defendant's sole assignment of error on appeal relates to the denial of his motion to suppress and not sentencing. Therefore, despite the error in Defendant's motion for appeal, we will review the denial of the motion to suppress and find it is the sole issue properly before this Court for review.

Defendant argues that the trial court erred in denying his motion to suppress. He asserts the search leading to the evidence was unconstitutional because it was conducted pursuant to a search warrant that was issued without probable cause. Specifically, Defendant contends the search warrant affidavit contained numerous misrepresentations and errors which rendered the search warrant invalid. He cites four errors in the affidavit: (1) the

identity of the company that provided the internet service; (2) the identity of the internet service subscriber; (3) the omission of a legible copy of a screen shot of Defendant's computer's shared folder files; and (4) the place of execution of the search warrant. Defendant maintains that these misrepresentations must be stricken and that the remaining information in the affidavit does not provide enough information to link the illegal conduct and the location to be searched.

■ The Fourth Amendment to the U.S. Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. *State v. Cortez*, 11–1041 (La.App. 5 Cir. 5/22/12); 98 So.3d 382, 390. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. *Id.* A defendant who is adversely affected may move to suppress evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La. C.Cr.P. art. 703(A).

■ As a general rule, searches must be conducted pursuant to a validly executed search warrant. *State v. Gaubert*, 14–396 (La.App. 5 Cir. 12/16/14); 167 So.3d 110, 114. A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. Probable cause for the issuance of a search warrant exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a

---

1. Of note, under La. C.Cr.P. art. 881.2(A)(2), a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." We have consistently held that Article 881.2(A)(2) precludes a defendant from seeking review of a sentence agreed upon at the time of the guilty plea. *State v. Hayes*, 15–771 (La.App. 5 Cir. 4/13/16); 190 So.3d 482, 485.

reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. *Id.* The facts establishing probable cause for the warrant must be contained within the four corners of the affidavit.

■ When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. La. C.Cr.P. art. 703(D); *State v. Falcon,* 13–849 (La.App. 5 Cir. 3/12/14); 138 So.3d 79, 88, *writ denied,* 14–769 (La. 11/14/14); 152 So.3d 877. The trial court is afforded great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of its discretion. *Id.*

■ The task for a reviewing court is to ensure that under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. *Gaubert,* 167 So.3d at 114. If the magistrate finds that the affidavit is sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. *Id.* Within these guidelines, courts should strive to uphold warrants to encourage their use by police officers. *Id.*

■ An affidavit supporting a search warrant is presumed to be valid, and the defendant has the burden of proving that the representations made in the affidavit are false. *State v. Dee,* 09–712 (La.App. 5 Cir. 2/23/10); 34 So.3d 892, 889, *writ denied,* 10–705 (La. 10/29/10); 48 So.3d 1097. That burden requires the defendant to prove by a preponderance of the evidence that the affidavit contains intentional misrepresentations. *State v.*

*Mitchell,* 15–524 (La.App. 5 Cir. 12/9/15); 182 So.3d 365, 375. For an affiant to make a material and intentional misrepresentation to a magistrate constitutes a fraud upon the court and will result in the invalidation of the warrant and suppression of the items seized. *State v. Byrd,* 568 So.2d 554, 559 (La. 1990); *State v. Williams,* 448 So.2d 659, 663 (La. 1984). However, if the misrepresentations or omissions are inadvertent, negligent, or are included without an intent to deceive, the correct procedure is for the warrant to be retested for probable cause after supplying that which was omitted or striking that which was misrepresented. *State v. Casey,* 99–23 (La. 1/26/00); 775 So.2d 1022, 1029, *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).

At the hearing on the motion to suppress, the State presented testimony from Detective Nicholas Vega from the Jefferson Parish Sheriff's Office (JPSO) who obtained the search warrant at issue and who prepared the affidavit in support of the application for the search warrant. He testified that in February 2012, he was assigned to the Juvenile Crimes Division of the JPSO and took part in a child pornography investigation. He stated that he drafted the search warrant for the residence at 3601 Ridgeway Drive in Metairie.

Detective Vega testified that with the exception of one typographical error wherein he indicated the internet provider was Comcast Communications instead of Cox Communications, all the facts in the affidavit were true and correct to the best of his knowledge. On cross-examination, he explained that he drafted the subpoena to Cox Communications, the actual provider, but the search warrant affidavit erroneously indicated Comcast Communications.

The seven-page search warrant application was admitted into evidence. The application detailed the entire investigation and

explained how Detective Vega came to identify the residence sought to be searched as the place where a computer believed to contain child pornography was located. It described in detail how peer-to-peer file-sharing works. It also listed the IP address, which is a unique number that corresponds to the physical location where the internet service is being supplied, that was using the peer-to-peer software and sharing files that had been identified by Detective Vega as "strongly suggestive of child pornography." It indicated that by means of a subpoena, Detective Vega was able to identify that on the specified dates and times he located images of child pornography at the specific |₆IP address, and the IP address was being used by persons located at 3601 Ridgeway Dr. in Metairie. The application also contained a detailed description of the property as well as a photograph of the property.

Detective Vega further testified that he presented the search warrant application to Commissioner Joyce, who reviewed the application and ultimately found probable cause to issue the warrant. He stated that the search warrant was issued on May 18, 2012, and executed a few days later on May 24, 2012. When Detective Vega arrived at the residence, he encountered Defendant, his wife, and children. Detective Vega informed Defendant of the nature of the search warrant and ultimately seized a Gateway laptop computer, a desk top computer, and six USB drives. After he informed Defendant of his *Miranda*[2] rights,

Defendant told Detective Vega which peer-to-peer network he utilized, which was ultimately found on the Gateway laptop located on Defendant's side of the bed in the bedroom; he then refused to answer any more questions. Defendant was taken back to the Detective Bureau and was later arrested.

At the conclusion of the motion hearing, the trial court denied Defendant's motions to suppress evidence and statement, which were submitted by Defendant "based on what [was] presented to the Court." Approximately two weeks later, the State filed a notice indicating that the application for search warrant incorrectly named Brad Hebert as the internet subscriber when the correct name was Manon Hebert, Defendant's wife. One week later, prior to entering his guilty plea, Defendant reurged his motions to suppress based on two defects in the search warrant application: (1) naming of the wrong internet service provider (Comcast v. Cox), and (2) naming of the wrong person who was leased the internet service at the residence (Brad Hebert v. Manon Hebert). The trial court denied Defendant's motion to reconsider the motions to suppress.

▮ |₇The issue before us is whether these two errors, naming of the wrong internet service provider and the wrong person who leased the internet service, in the application for search warrant was fatal to finding probable cause to issue the search warrant.[3] Upon review, we find that

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Although Defendant points to two additional deficiencies in the search warrant on appeal regarding the omission of a legible copy of a screen shot which would have provided evidence that the identified files were more likely illegal and the place of execution of the search warrant, these two issues are not properly before this Court as they were never raised in the trial court. Louisiana courts have long held that a defendant may not raise new grounds for suppressing evidence on appeal that he did not raise at the trial court in the motion to suppress. *State v. Gates*, 13–206 (La.App. 5 Cir. 10/9/13); 128 So.3d 417, 421, citing *State v. Montejo*, 06–1807 (La. 5/11/10); 40 So.3d 952, 967, *cert. denied*, 562 U.S. 1082, 131 S.Ct. 656, 178 L.Ed.2d 513 (2010). At the motion to suppress hearing, Defendant simply submitted on what was presented to

the search warrant affidavit contained sufficient probable cause despite these two errors.

The search warrant application set forth that investigators used peer-to-peer software to communicate with a computer, with an IP address of 68.225.77.71, and while in contact with that computer, images "strongly suggestive of child pornography" were located on the computer. The IP address was determined to be used by persons at 3601 Ridgeway Dr. in Metairie. Courts have held that evidence that the use of a computer employing a particular IP address possessed or transmitted child pornography can support a search warrant for the physical premises linked to that IP address. *See State v. Aston*, 12–955 (La. App. 5 Cir. 9/4/13); 125 So.3d 1148, 1157, *writ denied*, 13–2374 (La. 3/21/14); 135 So.3d 618, citing *U.S. Vosburgh*, 602 F.3d 512, 526–27 (3rd Cir. 2010), *cert. denied*, 563 U.S. 905, 131 S.Ct. 1783, 179 L.Ed.2d 656 (2011). Although the affidavit listed the incorrect internet service provider and listed the wrong person who subscribed to the internet, the correct IP address, at which the probable child pornography images were found, linked to the correct municipal address was contained in the search warrant.

All the details in the search warrant application together, even absent the name of the internet provider and name of the internet subscriber, provided sufficient

information that there would be a fair probability that evidence of child pornography would be found at 3601 Ridgeway Dr.; thus, the affidavit provided probable cause for the search. Accordingly, we do not find the trial court abused its discretion in denying the motions to suppress evidence and statement.

We reviewed the record for errors patent, according to La. C.Cr.P. art. 920, and find no errors that require corrective action.

### DECREE

For the foregoing reasons, we find no error in the trial court's denial of Defendant's motions to suppress evidence and statement. The search warrant application sufficiently provided probable cause with the IP address and physical address to which the IP address was linked, even absent the name of the internet service provider and name of the internet subscriber. Accordingly, Defendant's conviction for pornography involving juveniles and sentence are affirmed.

### AFFIRMED

---

the court. A review of the hearing shows that the only defect in the search warrant application presented was the name of the internet provider. Further, at the motion for reconsideration, Defendant only urged two grounds for suppressing the evidence – error in the

name of the internet provider and error in the name of the internet service subscriber. Thus, Defendant never argued to the trial court the two additional errors he now seeks to raise on appeal.